UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-512-GWU

SHARON WATTS, PLAINTIFF,

VS.   **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Disability Insurance Benefits (DIB). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

      Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

06-512  Watts

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency

6

may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Sharon Watts, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of the residuals of lumbar spine surgery, a cervical disc bulge, asthma, and depression. (Tr. 30). Nevertheless, based, in part, on the testimony of a Vocational Expert (VE), the ALJ determined that the plaintiff retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 30-4). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if she were limited to "light" level exertion and also had the following non-exertional restrictions. She: (1) could not climb ladders, ropes, or scaffolds; (2) could occasionally climb ramps or stairs and perform other postural activities; (3) could have no exposure to dust, fumes, smoke, or noxious gases; and (4) could understand, remember, and

perform simple, routine operations with adequate persistence and pace in an object-focused work environment with no more than superficial interactions with others and no contact with the general public. (Tr. 643-4). The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Id.).

On appeal, the plaintiff argues that additional evidence from the plaintiff's treating neurosurgeon, Dr. Amr El-Naggar, which was submitted after the close of the administrative hearing on December 16, 2005 but prior to the issue of the ALJ's decision on February 8, 2006, was improperly disregarded by the ALJ. The new evidence consists of a report dated January 30, 2006 limiting the plaintiff to occasionally lifting up to 10 pounds, never bending or twisting, and occasionally flexing or extending the neck and using the upper extremities. (Tr. 611).

The evidence shows that at the beginning of the hearing on December 16, counsel for the plaintiff informed the ALJ that she did not expect to submit any additional documents into the record. (Tr. 621). Three days later, on December 19, counsel requested an extension of time to try to obtain a more detailed opinion from Dr. El-Naggar. (Tr. 610). Dr. El-Naggar had performed an operation on the plaintiff on August 11, 2005, described as a right L3-4, L4-5, an L5-S1 hemilaminectomy with partial facetectomy and discectomy followed by posterior lumbar interbody fusion using Peek PR cages and BMT, and the insertion of rods and screws for

06-512 Watts

posterolateral fixation. (Tr. 501). Dr. El-Naggar expressed the opinion that, although the plaintiff was doing well following her fusion in November, 2005, she was advised not to lift "heavy weights" or do any bending or twisting of the back due to her three level discectomy and fusion. (Tr. 590). He added that Mrs. Watts should be considered "totally and permanently disabled" due to her back condition. (Id.). The plaintiff's counsel stated in the December 19 letter that she had been informed several months earlier that Dr. El-Naggar and his partner would no longer complete disability paperwork due to time constraints, but requested until January 31 to obtain additional information. (Tr. 610).[1] The ALJ faxed a response on December 21, 2005 stating that the request to hold the record open was denied because Dr. El-Naggar's opinion could have been obtained in the two-month period prior to the hearing. (Tr. 609). Nevertheless, Dr. El-Naggar's January 30, 2006 opinion was apparently submitted to the ALJ by plaintiff's counsel in a letter dated February 6, 2006 (Tr. 612), approximately two days before the ALJ issued the decision (Tr. 34). The ALJ's decision makes no mention of the new evidence, and is contained in the court

---

[1]Counsel for the plaintiff provides additional information in her brief. Counsel states that an assistant to Dr. El-Naggar had informed her several months prior to the hearing that the physician would no longer complete residual functional capacity questionnaires due to his work load, and began returning requests for information sent to them in other cases unfulfilled. Later, she came to understand that Dr. El-Naggar might provide his opinion for patients who had actually undergone surgery. Plaintiff's Memorandum In Support of Summary Judgment, Docket Entry No. 12, pp. 8-9.

06-512 Watts

transcript along with the other correspondence relating to the request for an extension of time as Appeals Council exhibits.

The plaintiff asserts that the ALJ abused his discretion in failing to keep the record open to consider the additional evidence. Regardless of whether the ALJ should have considered the evidence, it was clearly submitted to the Appeals Council, which found no basis for review. (Tr. 9-11). Sentence Six of 42 U.S.C. Section 405(g) provides that a court may order additional evidence to be taken before the Commissioner "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." In the present case, there is no question that the evidence from Dr. El-Naggar was new and material, since he had previously not given a definite opinion regarding weightlifting limits. Moreover, the restrictions would limit the plaintiff to a far greater degree than found by the ALJ and, as a treating source, Dr. El-Naggar's opinion would be entitled to great deference. Therefore, there is a reasonable probability that the Commissioner would have reached a different disposition of the plaintiff's claim. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 711 (6th Cir. 1988). Under the circumstances of this case, the plaintiff has also shown "good cause" for failing to submit it earlier. Counsel for the plaintiff has presented a valid reason for failing to obtain the evidence prior to the hearing. See, e.g., Willis v. Secretary of Health and

Human Services, 727 F.2d 551, 554 (6th Cir. 1984). The fact that the physician was returning functional capacity questionnaires unanswered is a logical explanation for failing to obtain the evidence. Moreover, it is significant that only three days after the administrative hearing, counsel for the plaintiff informed the ALJ of some of the facts of the situation and attempted to obtain an extension of time. An attorney's failure to request an extension of time before submitting new evidence has been cited by the Sixth Circuit on several occasions as detracting from a "good cause" argument. Cline v. Commissioner of Social Security, 96 F.3d 146, 149 (6th Cir. 1996); Cranfield v. Commissioner of Social Security, 79 Fed.Appx. 852 (6th Cir. 2003) (unpublished). Therefore, this set of facts merits a remand for further consideration pursuant to Sentence Six.

      The plaintiff, who alleges an onset date of November 11, 2003, (Tr. 73, 99) has also raised the issue of whether her return to work for a brief period in 2004 should have been considered an unsuccessful work attempt. The ALJ noted that she had returned to work in January, 2004 and earned almost $6,000.00, and found that she had engaged in substantial gainful activity through April 1, 2004. (Tr. 21, 23). The Commissioner notes that the ALJ found that the plaintiff had not met any of the factors set out in 20 C.F.R. 404.1574(c), such as attempting to reduce her hours to a normal 40 hour week, requesting light duty work, and showing that she could not have continued working with such restrictions. Nor did she show any of

11

06-512  Watts

the special circumstances set out in Social Security Ruling 84-25, such as frequent absences from work, unsatisfactory work performance, or other "special circumstances." Therefore, substantial evidence supports the ALJ's determination that the proper onset date was April 2, 2004.

Since the case is being remanded on other grounds, the court will not reach the issue of whether the ALJ properly assessed the plaintiff's credibility.

The decision will be remanded for further consideration.

This the 24th day of October, 2007.

Signed By:

<u>G. Wix Unthank</u>

**United States Senior Judge**